FILED
November 21, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **SIGIFREDO MEDELLIN MARTINEZ,**  §<br>  §<br>**Petitioner,**  §<br>  §<br>v.  §   **CIVIL NO. SA-25-CV-1319-OLG**<br>  §<br>**PAMELA JO BONDI** *et al.*,  §<br>  §<br>**Respondents.**  § | |

# O R D E R

Pending before the Court is Petitioner Sigifredo Medellin Martinez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 13), and Petitioner filed a reply (Dkt. No. 14). After careful consideration, the Petition (Dkt. No. 1) is **GRANTED** as set forth below.

## I.  BACKGROUND

Petitioner is a native and citizen of Mexico. Dkt. Nos. 1 at 6; 13-1 at 1. In 2002, he unlawfully entered the United States and, at some point thereafter, received protections under the Deferred Action for Childhood Arrivals program. *See* Dkt. Nos. 1 at 6; 13-1 at 2. On July 22, 2019, an immigration judge ("IJ") ordered Petitioner removed from the United States. *See* Dkt. Nos. 1-2 at 1; 13-1 at 2. The IJ also granted withholding of removal to Mexico under the Convention Against Torture ("CAT"). *See* Dkt. Nos. 1 at 7; 13-1 at 2. That same day, Petitioner was released under an order of supervision ("OSUP"). *See* Dkt. Nos. 1 at 7; 13-1 at 2.

In late July or August 2025, Petitioner appeared for his annual check-in with Immigration and Customs Enforcement ("ICE"). *See* Dkt. Nos. 1 at 8; 13-1 at 2. At that meeting, an ICE officer required him to "wear an electronic ankle monitor." Dkt. No. 1 at 8; *see* Dkt. No. 13-1 at 2. On September 12, 2025, Petitioner appeared for another ICE check-in. *See* Dkt. No. 1 at 9; 13-1 at 2.

At that time, an ICE officer informed Petitioner that his supervised release had been revoked because of "changed circumstances." Dkt. Nos. 1-2 at 1; 13-1 at 2; 19-1 at 1. Petitioner has remained in ICE custody ever since. *See* Dkt. Nos. 1 at 10; 13-1 at 2.

During his detention, an ICE officer allegedly "asked Petitioner if he wanted to return to Mexico." Dkt. No. 1 at 9. Petitioner objected on the grounds that his removal to Mexico is prohibited under CAT. *Id.* Thereafter, ICE contacted several other potential countries of removal, including Panama, Guatemala, Honduras, and El Salvador. The first three countries immediately refused to accept Petitioner. *See* Dkt. No. 13-1 at 2–3. The last country, El Salvador, recently refused to accept Petitioner. *See* Minute Entry dated November 20, 2025.[1]

On October 17, 2025, Petitioner initiated this habeas corpus action under 28 U.S.C. § 2241. *See* Dkt. No. 1. That same day, Petitioner moved for injunctive relief. *See* Dkt. No. 3. Respondents responded to both requests, *see* Dkt. Nos. 10; 13, and Petitioner filed replies thereafter. *See* Dkt. Nos. 12; 14. The Court held an evidentiary hearing on November 20, 2025. *See* Dkt. No. 18; Minute Entry dated November 20, 2025. This Order follows.

## II.    LEGAL STANDARD

A district court may issue a writ of habeas corpus when a federal detainee is held "in custody in violation of the Constitution or laws or treaties of United States." 28 U.S.C. § 2241(c)(3). While many statutory provisions limit judicial review in the immigration context, "habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

---

[1] At the hearing, Respondents indicated that they intend to contact another country, Nicaragua, at some time in the future. *See* Minute Entry dated November 20, 2025.

2

## III.  ANALYSIS

Petitioner asserts a due process claim under *Zadvydas*.[2] According to Petitioner, there is no "significant likelihood of removal in the reasonably foreseeable future." Dkt. No. 1 at 20. In support thereof, Petitioner identifies two key facts. First, his removal is unlikely because he is subject to a CAT withholding order. *Id.* at 20–21. Second, ICE has not identified any third country of removal—the first step necessary to effectuate his deportation. *Id.* at 21. Respondents counter that Petitioner's *Zadvydas* claim is premature because he has only been detained for approximately two months. *See* Dkt. No. 13 at 7. Assuming his claim is timely, Respondents argue that Petitioner has failed to meet his initial burden of demonstrating that "removal to a third country is unlikely in the reasonably foreseeable future." *Id.* at 6–7. Even if Petitioner had met that burden, Respondents contend that they have provided sufficient rebuttal evidence. *Id.* at 8.[3]

Once an alien is subject to a final order of removal, he must be removed within ninety days. *See* 8 U.S.C. § 1231(a)(1)(A). If the alien's removal is not processed within that time, he may be detained for a longer period or released subject to terms of supervision. *Id.* § 1231(a)(3), (6). In *Zadvydas*, the Supreme Court held that "an alien's post-removal-period detention" cannot exceed "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. Still, the Supreme Court held that it is "presumptively constitutional for an alien to be detained for six months after a final order of removal." *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (citing *Zadvydas*, 533 U.S. at 701). The alien bears the initial

---

[2] Petitioner also raises several other claims. *See* Dkt. No. 1 at 17–22. Because the Court grants habeas relief under *Zadvydas*, it need not reach these claims.

[3] Respondents also argue that Petitioner is subject to mandatory detention and, therefore, not entitled to release under *Zadvydas*. *See* Dkt. No. 13 at 3–5. But the statute cited by Respondents only applies during removal proceedings. *See* 8 U.S.C. §§ 1225(b)(2)(A), 1229a. Petitioner's removal proceedings concluded years before his detention. *See* Dkt. Nos. 1-2 at 1; 13-1 at 2. The authority to detain aliens thereafter rests in a separate statutory provision—8 U.S.C. § 1231(a). *See, e.g., Delgado-Rosero v. Warden*, No. 16-1250, 2017 WL 2580509, at *2 (W.D. La. May 1, 2017), *R. & R. adopted*, 2017 WL 2579250 (W.D. La. June 13, 2017).

burden of demonstrating that "there is no significant likelihood of removal in the reasonably foreseeable future." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (quoting *Zadvydas*, 533 U.S. at 701). If that burden is met, it shifts to the government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.[4]

It is unclear whether the presumptively reasonable period begins upon the entry of a final order of removal or upon the alien's detention. *See, e.g.*, *Puertas-Mendoza v. Bondi*, No. 25-cv-890, 2025 WL 3142089, at *3 (W.D. Tex. Oct. 22, 2025). The parties disagree on this issue. *Compare* Dkt. No. 13 at 7, *with* Dkt. No. 14 at 5–6. In the prototypical case, this dispute would be irrelevant. That is so because most aliens are detained at or before the issuance of the final order of removal. But Petitioner was released after the entry of the final order of removal and only recently detained. *See* Dkt. No. 13-1 at 2. Because Petitioner has only been detained for a couple of months, it is possible that he is still within the presumptively reasonable period of detention. Nevertheless, that period is presumptively reasonable—not conclusively reasonable. The presumption can be rebutted by a showing "that there is no significant likelihood of removal in the reasonably foreseeable future." *Puertas-Mendoza*, 2025 WL 3142089, at *2. As set forth below, Petitioner has made that showing.

Third country removals are uncommon and often difficult to effectuate. *See, e.g., id.* at *3–4. This case is no exception. ICE appears to recognize as much. When ICE detained Petitioner, one of its officers allegedly attempted to convince him to consent to removal to Mexico—the only country to which he cannot legally be removed due to the CAT withholding order. *See* Dkt. No. 1 at 9. Furthermore, after two months of detention, Respondents have made no significant progress

---

[4] The Court notes that ICE's own regulations dictate that the government bears the burden of demonstrating a significant likelihood of removal in the reasonably foreseeable future upon the revocation of supervised release. *See* 8 C.F.R. §§ 241.4, 241.13; *Escalante v. Noem*, No. 25-cv-182, 2025 WL 2206113, at *3–4 (E.D. Tex. Aug. 2, 2025); *Balouch v. Bondi*, No. 25-cv-216, 2025 WL 2871914, at *2–3 (E.D. Tex. Oct. 9, 2025).

toward his removal. All their inquiries have proved fruitless. Indeed, three of the four countries ICE contacted immediately refused to accept Petitioner. *See* Dkt. No. 13-1 at 2–3. The lone remaining country, El Salvador, recently refused to accept Petitioner. *See* Minute Entry dated November 20, 2025. Because Petitioner provides concrete facts demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future, the burden shifts to Respondents to prove otherwise.

To rebut Petitioner's showing, Respondents point to the fact that ICE "will continue to request acceptance from third countries." Dkt. No. 13 at 8; *see* Dkt. No. 13-1 at 2–3. But even if ICE had outstanding requests with such countries, which they do not, that fact alone would be "insufficient to show that [his] removal is likely to occur in the reasonably foreseeable future." *Trejo v. Warden of ERO El Paso E. Mont.*, — F. Supp. 3d — (W.D. Tex. 2025). Respondents have not demonstrated that any potential third country is likely to accept Petitioner. In the absence of such evidence, Respondents have failed to meet their burden. Therefore, Petitioner's continued detention violates his due process rights, and he must be released pursuant to *Zadvydas*.

This is not to say that Petitioner is immune from deportation. He is, of course, subject to a final order of removal. *See, e.g.*, 8 C.F.R. § 1208.16(f) (permitting the removal of aliens with CAT protections to any "third country other than the country to which removal has been withheld or deferred"). Nor does Petitioner dispute his deportability. *See* Minute Entry dated November 20, 2025. In the event Petitioner's removal becomes imminent, he may be detained incident to his deportation.

## IV.    CONCLUSION

For the foregoing reasons, the Petition (Dkt. No. 1) is **GRANTED**.

5

**IT IS THEREFORE ORDERED** that, by **Tuesday, November 25, 2025**, Respondents shall **RELEASE** Petitioner under conditions substantially similar to those contained in his prior OSUP.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT**.

This case is **CLOSED**.

**SIGNED** this ___21___ day of November 2025.

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE